**XIAO CHUN DAI, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

No. 04–1286–AG.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2006.

Yong Wang, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Sally M. Richardson, Lisa Tobin Rubio, Assistant United States Attorneys, Miami, FL, for Respondent.

Present: RALPH K. WINTER, JOSÉ A. CABRANES, and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiao Chun Dai, a native and citizen of China, seeks review of a March 4, 2004 order of the BIA affirming the September 24, 2002 decision of Immigration Judge ("IJ") Noel Anne Ferris denying petitioner's application for asylum and withholding of removal, in which her husband, Bao Zhong Chen, was named a derivative beneficiary. *In re Xiao Chun Dai,* No. A76 097 658 (BIA March 4, 2004), *aff'g* Nos. A76 097 658, A76 097 659 (Immig. Ct. N.Y. City Sept. 24, 2002)0. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Because the BIA affirmed the IJ's adverse credibility determination only with respect to the inconsistencies between Dai's testimony and her husband's testimony, this Court reviews the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S.*

*Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ The IJ based the adverse credibility finding on the numerous inconsistencies between Dai's testimony and that of her husband, specifically relating to the following: where Dai was when she was forcibly taken for a sterilization procedure, who was present at the time, whether the officials were all male, whether the front door was open when the officials arrived, how they returned home from the hospital after the procedure, what items were taken as penalty for not paying a fine, and whether they returned home between 1990 and 1998. All of these factors were clearly supported by the record. Although these factors alone may not be determinative, the overall number of inconsistencies relating to the events surrounding the sterilization are sufficient, in the aggregate, to support the adverse credibility finding. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir. 2006). Since these events are all central to Dai's assertion that she was forcibly sterilized by the Chinese government, the IJ's adverse credibility determination, as modified by the BIA, is supported by substantial evidence.

■ Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Dai also argues that the BIA improperly streamlined her case. Although the BIA

is permitted to have a single board member decide a case without issuing a written decision, *see* 8 C.F.R. 1003. 1(e)(4), the BIA did not do that in this case. Even if it had, however, this Court lacks jurisdiction to review the BIA's decision to streamline a particular case. *See Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir. 2006).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).